## No. 9051.

### HOOVER *v.* CATROW.

1. JUDGMENT—*Conclusive Effect.* A judgment is final and conclusive as to a question properly involved in the action, and which might have been raised and determined therein. Plaintiff and defendant were shareholders in a corporation which was declared a bankrupt, and the property of which was sold in the bankruptcy proceedings. In January 1909 they entered into an agreement with others, creditors of the bankrupt, providing that the stock of a mining corporation which had acquired the properties of the bankrupt, at the sale thereof above mentioned, should be divided among the parties to the agreement, in proportion to their claims against the bankrupt corporation, but upon condition that each of the parties agreeing should pay into a bank named a specified proportion of the cash capital of the new corporation. Plaintiff never made the payment required by this agreement.

Defendant acquired title to certain mining properties formerly held by the bankrupt corporation, under a sale thereof pursuant to the powers contained in a trust deed executed by the new corporation. The latter corporation was afterwards, in its turn, declared a bankrupt and the trustee in bankruptcy, presented in the court in bankruptcy a petition for an adjudication of the status of the property. To this petition the plaintiff filed an answer claiming to be a stockholder in the last bankrupt corporation, under the agreement of January 1909, and alleging that the deed of trust under which defendant was claiming, was void. The court in bankruptcy declared the deed of trust valid, the sale thereunder regular, that the agreement of January 1909 was never executed, and that plaintiff never became a stockholder thereunder, in the last corporation. Plaintiff thereupon brought this action, asserting that the agreement of January 1909 constituted the parties thereto partners, and that defendant's purchase at the sale under the deed of trust was for the common benefit of all the parties to that agreement. *Held* that this contention might have been submitted to the court in bankruptcy, and therefore, the judgment of that court concluded the matter.

*Error to Denver District Court, Hon. John A. Perry, Judge. Department.*

Mr. HALSTED L. RITTER, for plaintiff in error.

Mr. EARL H. TURNER, Mr. J. E. ROBINSON, for defendant in error.

Opinion by Mr. Justice Teller.

Plaintiff in error brought suit against the defendant in error to establish a right to an interest in mining property, to which the latter had title, and was defeated in the action. A brief statement of facts is necessary to an understanding of the question for determination.

The property involved was at one time owned by the Griffith Mines Company, which was adjudged a bankrupt by the U. S. District Court in Denver, both plaintiff and defendant being creditors of said bankrupt. The defendant, a resident of Ohio, in December, 1908, formed in that state the "Mound Mines Company," to which he assigned his claim against said bankrupt, as did some other creditors. The Mound Mines Company, on February 3, 1909, bid in said mining property at the sale in the bankruptcy proceedings, and afterwards conveyed it to the Public Trustee of Clear Creek County, to secure the payment of $5,000 borrowed on the promissory note of said company. The property was subsequently sold under the trust deed, and bought in for the defendant, who later received title by trustee's deed.

Plaintiff claims an interest in the property under a contract dated January 27, 1909, between the plaintiff, the defendant and one Umbenhauer, in which it was provided that the stock of the Mound Mines Company should be issued to said persons, in proportion to the amount of their claims against the Griffith Mines Company, provided that each of said persons should pay into a designated bank his proportion of the amount of cash capital certified to said bank by the officers of the Mound Mines Company to be required to be paid to said company.

On April 10, 1912, a certificate was delivered to the bank to the effect that plaintiff was to pay for 5705 shares of the capital stock the sum of $17,685.50, and stock certificates therefor were left with the bank, for delivery, when payment had been made. Plaintiff refused to pay said sum and never paid it, and never received any of the stock certificates.

In January, 1913, the Mound Mines Company was adjudged a bankrupt, and plaintiff filed his claim against the bankrupt estate. Later the trustee in bankruptcy presented to the referee a petition for an adjudication of the status of the property in controversy, to which petition the plaintiff filed an answer, claiming to be a stockholder of the Mound Mines Company, and alleging that the deed of trust heretofore mentioned was void, because not authorized by the stockholders as required by the law of this state. His claim to be a stockholder was based upon the contract of January 27, 1909. The referee found that the deed of trust was valid, and the sale thereunder regular, and that the bankrupt had no interest in said property. Also, that the agreement of January 27, 1909, was a contract for the purchase of stock in the Mound Mines Company, which was never executed, wherefore plaintiff never became a stockholder in said company either in law or in equity.

On a petition for a review, filed by plaintiff, the Bankruptcy Court sustained the rulings of the referee.

Thereupon the plaintiff brought the action now under consideration, claiming that the contract of January 27, 1909, made the parties thereto co-partners; and that, when the defendant obtained title under the foreclosure sale, he did so as trustee for said parties.

The trial court held that the judgment of the Bankruptcy Court was final, and dismissed the cause for want of jurisdiction.

Plaintiff in error now urges that the Bankruptcy Court considered only petitioner's claim to be a stockholder, and that the judgment there rendered does not prevent a claim to the property under the contract of January 27th, treated as a partnership's agreement.

The gist of plaintiff's claim set up by answer to the trustee's petition, and adjudicated in that proceeding, was that plaintiff by said contract obtained an interest in the property of the Mines Company. He there contended that this interest came to him as a stockholder of the company, and submitted the contract, and asked that it be construed according to that theory. He now asks that it be construed

differently, so as to give him the interest which he claimed under the first theory.

Manifestly he could have asked the Bankruptcy Court to give to the contract the construction for which he now contends; in other words, that is a question which was properly involved, and might have been raised and determined in that proceeding. That adjudication is, therefore, final and conclusive. *Bushnell v. Larimer & Weld Irr. Co.,* 56 Colo. 92, 136 Pac. 1017.

The trial court did not err in dismissing the action, and the judgment is therefore affirmed.

*Judgment affirmed.*

Chief Justice Hill and Mr. Justice White concur.